FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '08 - CV - 01629
(Removal from District Court, County of Summit, State of Colorado, Case No. 08CV202)

THOMAS W. SMITH, and
PAMELA K. SMITH

    Plaintiffs, (Defendants Below),

v.

WELLS FARGO BANK, N.A., as Trustee,

    Defendant, (Plaintiff Below)

---

## ORDER FOR SUMMARY REMAND

---

Plaintiffs Thomas W. and Pamela K. Smith, who are residents of Dillon, Colorado, have filed a *pro se* Notice of Removal and a request to proceed without payment of the filing fee. The Clerk of the Court will be directed to commence a civil action. Although Plaintiffs' request to proceed *in forma pauperis* is deficient, the Court will disregard consideration of Plaintiffs' request to proceed without payment of the filing fee and remand the action summarily to the Summit County District Court.

Plaintiffs seek removal to this Court of Case No. 08CV202, a state foreclosure proceeding filed in the Summit County District Court in Breckenridge, Colorado. This Court must construe the Notice of Removal liberally because Plaintiffs are representing

themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has reviewed the Notice of Removal and finds that it is deficient. Plaintiffs do not assert federal jurisdiction on any basis other than their counterclaims. Removal is permitted only where the existence of a federal claim appears on the face of a well-pleaded complaint. *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002). Furthermore, because Plaintiffs are citizens of Colorado they are barred under 28 U.S.C. § 1441(b) from removing a case against them where the only basis for federal jurisdiction is diversity, and they are citizens of the state in which the action originally was brought. Accordingly, Plaintiffs have not met their burden to establish subject matter jurisdiction or diversity jurisdiction.

With respect to Plaintiffs' assertion that they seek removal pursuant to 28 U.S.C. § 1443, the Court finds that they fail to meet the requirements as set forth in § 1443(1) for removing the state foreclosure proceeding from a state court. Section 1443 does authorize the removal to federal court of certain civil rights cases. However, the two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' "

2

*Johnson*, 421 U.S. at 219 (quoting § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).

Plaintiffs simply assert that they are denied or are not able to enforce in Colorado state courts their Fifth, Ninth, Tenth, and Fourteenth Amendment rights and their rights under other laws that provide for equal rights of citizens. Plaintiffs do not state how their civil rights, as they pertain to racial equality, would be denied in state court. Therefore, Plaintiffs do not meet the requirements as set forth under § 1443(1).

The Court also notes that removal pursuant to 28 U.S.C. § 1443(2) is not appropriate in this action. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Plaintiffs do not allege that they are either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

The Court further finds upon review of this Court's Docket, specifically *Wells Fargo Bank NA, as Trustee v. Smith, et al.*, No. 05-cv-02481-LTB-BNB, 2008 WL

2228873 (D. Colo. May 27, 2008), that Plaintiffs again in the instant action are seeking removal of a state foreclosure proceeding on the same property that was at issue in Case No. 05-cv-02481-LTB-BNB. Plaintiffs also initiated another case, *Smith, et al., v. Argent Mortgage Co., LLC, et al.*, No. 05-cv-02364-REB-BNB, 2008 WL 4105192 (D. Colo. Nov. 14, 2007), Nos. 07-1409, 07-1525, and 08-1199 (10th Cir. first appeal Dec. 13, 2007), that is pending on appeal. Plaintiffs raised the same claim of Fair Debt Collection Practices Act violations in Case No. 05-cv-02364 that they raise in the instant case. They also named Wells Fargo as a defendant in Case No. 05-cv-02364-REB-BNB.

The Court finds that Plaintiffs' instant Notice of Removal borders on being malicious and abusive. Plaintiffs have not demonstrated that removal to this Court of the Summit County court action is proper. Therefore, this action will be summarily remanded to the Summit County District Court. Plaintiffs also are warned that any further notices of removal filed in this Court regarding foreclosure proceedings against the same property at issue in this case may subject them to sanctions by this Court. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that this action is remanded summarily to the Summit County District Court. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Summit County District Court at P.O. Box 269, Breckenridge, Colorado 80424.

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. '08 - CV - 01629

Thomas W. Smith
Pamela K. Smith
PO Box 1909
Dillon, CO 80435

Summit County District Court
PO Box 269
Breckenridge, CO 80424

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_\_8/1/08\_\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk